IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JASMINE W. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-687-RAH-JTA |
| | ) | |
| HYUNDAI MOTOR | ) | |
| MANUFACTURING ALABAMA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the motion to dismiss or consolidate filed by Defendant Hyundai Motor Manufacturing of Alabama, LLC. (Case No. 687[1] Doc. No. 5.) For the reasons stated below, the undersigned recommends that the claims in this action be severed, Plaintiff's worker's compensation claim be remanded to the Montgomery Circuit Court, Defendant's motion to dismiss be granted as to Plaintiff's remaining claims, Plaintiff's remaining claims be dismissed without prejudice, and Defendant's motion to consolidate be denied as moot.

## I.    JURISDICTION

The court exercises jurisdiction based on federal question jurisdiction. 28 U.S.C. § 1331. Plaintiff asserts claims arising under Title VII of the Civil Rights Act of 1964, 42

---

[1] In *Jones v. Hyundai Motor Manufacturing Ala.*, No. 2:25-cv-499-RAH-JTA, Plaintiff filed a complaint asserting claims similar to those she asserts in this action. Because the two cases are interrelated, filings from both cases are referenced in this Recommendation. For expediency, the undersigned uses "Case No. 499" to refer to *Hyundai Motor Manufacturing Ala*, No. 2:25-cv-499-RAH-JTA, and "Case No. 687" to refer to *Hyundai Motor Manufacturing Ala., LLC*, No. 2:25-cv-687-RAH-JTA.

U.S.C. §§ 2000a–2000a-6, 2000e–2000e-17, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12212. Plaintiff also asserts a worker's compensation claim in Case No. 687, but the court does not have jurisdiction over that claim because it was removed from state court. *See* 28 U.S.C. § 1445(c); *Reed v. Heil Co*., 206 F.3d 1055, 1057 (11th Cir. 2000); *Alansari v. Tropic Star Seafood Inc*., 388 F. App'x 902, 905–06 (11th Cir. 2010).

## II.  PROCEDURAL HISTORY

A.  *Jones v. Hyundai Motor Manufacturing Ala.*, No. 2:25-cv-499-RAH-JTA

On July 8, 2025, in *Jones v. Hyundai Motor Manufacturing Ala.*, No. 2:25-cv-499-RAH-JTA, *pro se* Plaintiff Jasmine W. Jones filed a complaint in this court against her former employer, Hyundai Motor Manufacturing of Alabama. (Case No. 499 Doc. No. 1.) She alleged claims for employment discrimination and retaliation. (*Id*.) On the same day, she moved for assistance from the court's *Pro Se* Assistance Program ("PSAP") in drafting an amended complaint. (Case No. 499 Docs. No. 4, 5, 8.) The court granted the motion, appointed a PSAP volunteer attorney, and ordered Plaintiff to file an amended complaint. (Case No. 499 Doc. No. 8.)

Plaintiff timely filed the amended complaint with the assistance of the PSAP attorney volunteer. (Case No. 499 Doc. No. 9.) In it, she asserted an ADA discrimination claim, an ADA retaliation claim, and a Title VII retaliation claim. (*Id.* at 4–5.)

Defendant moved to dismiss the amended complaint. (Case No. 499 Doc. No. 14.) The motion has been briefed and is under submission. (Case No. 499 Docs. No. 20, 22.)

B.    *Jones v. Hyundai Motor Manufacturing Ala., LLC*, No. 2:25-cv-687-RAH-JTA

As the court later learned, on July 8, 2025, two and one-half hours after Plaintiff filed her initial complaint in this court, she filed a related complaint in the Montgomery Circuit Court. (Case No. 499 Doc. No. 1 at 1; Case No. 687 Doc. No. 1-6 at 4.) Her state court complaint is not a model of clarity. On the civil cover sheet, she checked boxes indicating negligence, civil rights, and worker's compensation claims were her primary causes of action. (Case No. 687 Doc. No. 1-6 at 5.) In her one-paragraph complaint, she alleged Defendant "intentionally allowed physical [and] mental abuse at the hands of coworkers, management, and HR," "denied medical treatment for work related injuries," and retaliated against her (including by terminating her) for reporting incidents of workplace disability discrimination and harassment. (*Id.* at 6.) She attached to her state court complaint an Equal Employment Opportunity Commission ("EEOC") determination and notice of rights letter, which suggested her state court complaint contained federal workplace discrimination claims related to those in Case No. 499.[2] (Case No. 687 Doc. No. 1-6 at 11.)

On August 27, 2025, Defendant removed Plaintiff's state court action to this court. (Case No. 687 Doc. No. 1.) By then, in Case No. 499, Plaintiff had already filed her amended complaint, and the Clerk had issued the summons. (Case No. 499 Docs. No. 9, 12.)

---

[2] Plaintiff attached the same EEOC letter to her original and amended complaints in Case No. 499. (Case No. 499 Docs. No. 1-2, 9-2.)

On September 3, 2025, in Case No. 687, Defendant filed a motion to dismiss or consolidate the action with Case No. 499. (Case No. 687 Doc. No. 5.) The motion has been briefed and is under submission. (Case No. 687 Docs. No. 5, 6, 8, 10, 15.)

C.      Parallel and Simultaneous Proceedings in Both Actions

The court held an in-person status conference in both cases on December 15, 2025. (Case No. 499 Doc. No. 26; Case No. 687 Doc. No. 14.) In response to questioning by the court, Plaintiff at first confirmed she intended to assert the same claims in both actions and she intended her amended complaint in Case No. 499 to contain "all of the claims [she was] trying to bring against" Defendant. (Case No. 499 Doc. No. 33-1 at 11, 14.) Yet, when asked if she opposed Defendant's motion to consolidate, she indicated the complaint in Case No. 687 contained an additional worker's compensation claim she did not include in her amended complaint in Case No. 499. (*Id.* at 25.) She sought to again amend her complaint in Case No. 499 to incorporate all her claims against Defendant so "that one case" would "include everything, if possible." (*Id*. at 26.)

After noting that a worker's compensation claim cannot be removed to federal court,[3] the court inquired whether Defendant would oppose a plan in which the court dismissed Case No. 687 and allowed Plaintiff to amend her complaint to proceed on all her claims in Case No. 499. Defendant opposed that approach, instead advocating for remand

---

[3] *See* 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.").

4

of any worker's compensation claim[4] or dismissal of Case No. 687, leaving Plaintiff's ADA and Title VII claims to proceed in this court. (*Id.* at 30–32, 37, 52.) At the close of the status conference, the court stated it would require the parties to file briefs on (1) why Case No. 687 should not be remanded on grounds that worker's compensation claims cannot be removed to federal court and (2) whether the court has jurisdiction to allow Plaintiff to amend her complaint to allege her worker's compensation claim in Case No. 499. (*Id.* at 47–53.)

Following the status conference, the court entered a written order requiring the parties to file briefs regarding whether, if Plaintiff is allowed to again amend her pleadings in Case No. 499, the court may exercise supplemental jurisdiction over those claims, and whether Case No. 687 "must be remanded to the Montgomery County Circuit Court pursuant to 28 U.SC. § 1447(c)[5] and 28 U.S.C. § 1445(c)." (Case No. 499 Doc. No. 30; Case No. 687 Doc. No. 18.) The parties complied and filed briefs in both cases. (Case No. 499 Docs. No. 33, 34; Case No. 687 Docs. No. 20, 21.) Plaintiff's briefs included statements to the effect that, due to her ongoing disabilities, she "feels [she is] not capable" of continuing to represent herself in this action. (Case No. 499 Doc. No. 34; Case No. 687 Doc. No. 21.)

Upon consideration of Plaintiff's briefs, the court held a telephone status conference

---

[4] Defendant took the position that Plaintiff's state court complaint did not fairly allege a worker's compensation claim, and that claim should be litigated in state court. (Case No. 499 Doc. No. 33-1 at 43.)

[5] 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

in both actions on March 13, 2026. (Case No. 499 Doc. No. 35; Case No. 687 Doc. No. 22.) At the status conference, Plaintiff explained her statements regarding her inability to continue representing herself were intended as a request that she be allowed additional time to obtain an attorney. Plaintiff also stated from December to the present, she made attempts to secure counsel but was unsuccessful. Following the status conference, the court construed Plaintiff's briefs as containing a motion for extension of time to seek legal counsel. (Case No. 499 Doc. No. 38; Case No. 687 Doc. No. 25.) Because, since filing the motions, Plaintiff "attempted diligently but unsuccessfully to obtain an attorney," the court denied the motions as moot. (Case No. 499 Doc. No. 38; Case No. 687 Doc. No. 25.)

Defendant's motion to dismiss (Case No. 499 Doc. No. 14) and motion to dismiss or consolidate (Case No. 687 Doc. No. 5) are ready for disposition.

### III.    DISCUSSION

In Case No. 687, Defendant seeks to dismiss or consolidate the action with Case No. 499 on grounds that Plaintiff brings the same claims in both actions. (Case No. 687 Doc. No. 5.) In Case No. 499, Defendant seeks dismissal of Plaintiff's claims on grounds the amended complaint is a shotgun pleading. (Case No. 499 Doc. No. 14.) Defendant also seeks dismissal of Plaintiff's Title VII retaliation claim due to Plaintiff's failure to exhaust her administrative remedies. (*Id.*) Here, the undersigned addresses only Defendant's motion to dismiss or consolidate filed in Case No. 687.[6]

A district court may consolidate actions that share "a common question of law or

---

[6] The undersigned addresses Defendant's motion filed in Case No. 499 in a separate Recommendation.

fact." Fed. R. Civ. P. 42(a). It is undisputed the federal claims[7] in Plaintiff's two cases share common questions of law and fact. However, consolidating the two actions presents a problem. Plaintiff's state court complaint purports to allege a worker's compensation claim, and § 1445(c) limits the court from exercising jurisdiction over that claim. *Reed*, 206 F.3d at 1056. Instead, the worker's compensation claim "must be remanded to state court."[8] *Id.*

As for Plaintiff's remaining claims, they need not be remanded. 28 U.S.C. § 1441(c) provides that, where, as here, a removed case includes both federal claims and a claim that is nonremovable by statute, "the district court shall sever from the action all" nonremovable claims "and shall remand the severed claims to the State court from which the action was removed." *Id*. That leaves the question of what to do with the federal claims left behind after remanding Plaintiff's worker's compensation claim.

Under Rule 42(a), the court may consolidate the remaining claims of Case No. 687 with Case No. 499. Fed. R. Civ. P. 42(a). Alternatively, the court may apply the first-filed rule[9] to dismiss the second-filed action (Case No. 687) and proceed solely with the first-

---

[7] It is not clear whether Plaintiff's worker's compensation claim shares common issues of law or fact with her federal claims.

[8] Defendant argues Plaintiff's state court complaint does not sufficiently allege a worker's compensation claim under Alabama state law. (Case No. 499 Doc. No. 20 at 7.) Without jurisdiction, however, the court cannot rule on the merits of Plaintiff's worker's compensation claim. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Consequently, the undersigned makes no finding as to whether Plaintiff's state court complaint adequately states a worker's compensation claim upon which relief can be granted.

[9] *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) ("Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong

filed action (Case No. 499). *See Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013) ("The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." ). As to both options, the court is afforded discretion.[10] Both options implicate principles of sound judicial administration by avoiding the wasteful cost, burdens, inefficiencies, and inconsistencies of duplicative litigation.[11]

After much consideration, the undersigned concludes the best course is to dismiss Plaintiff's federal claims in Case No. 687 and proceed with Case No. 499. Plaintiff admits her federal claims in both cases are the same. Proceeding on the same claims in two

---

presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."); *see also Borinquen Health Care Ctr., Inc. v. ICare RX LLC*, No. 21-20872-CIV, 2021 WL 1564462, at *2 (S.D. Fla. Apr. 21, 2021) (applying the first-filed rule in favor of a case originally filed in state court, but was removed after a second, similar case was filed in federal court); *Heritage Schooner Cruises, Inc. v. Acadia Ins. Co.*, No. 09-22579-CIV, 2009 WL 10699880, at *1 (S.D. Fla. Nov. 30, 2009) ("[T]he date the removed action was filed in state court is the controlling date for the purposes of determining which of the two actions has priority under the first filed rule." (collecting cases)). "[T]he party objecting to jurisdiction in the first-filed forum carr[ies] the burden of proving compelling circumstances to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135 (citation modified).

[10] *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) ("A district court's decision whether to consolidate [under Rule 42(a)] is 'purely discretionary.'"(quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985))); *see Collegiate Licensing*, 713 F.3d at 80–81 (holding that a district court did not abuse its discretion in applying the first-filed rule).

[11] *See Eghnayem*, 873 F.3d at 1313 (listing factors to be considered in determining whether to consolidate actions pursuant to Rule 42(a)); *see also AIG Prop. Cas. Co. v. Charlevoix Equity Partners Int'l Inc.*, No. 16-24272-CIV, 2017 WL 222053, at *1 (S.D. Fla. Jan. 18, 2017) (rejecting the plaintiff's argument that "the first-to-file rule does not apply here because the first-filed case originated in state court," and dismissing the second-filed case because the state court "case has now been removed and it is in the interests of judicial economy not to have two district judges adjudicating the issues").

separate actions would be unwieldy, unnecessarily complicated, and unduly burdensome to the parties and the court. As a practical matter, the federal claims in Plaintiff's one-paragraph complaint in Case No. 687 will have to be amended.[12] In Case No. 499, she has already amended her complaint with the assistance of a PSAP attorney to include all her federal claims. (Docs. No. 8, 9.) Hence, both consolidation and dismissal would ultimately lead to a single action proceeding on the claims already asserted in Case No. 499's amended complaint. Dismissal, however, would eliminate unnecessary administrative steps involved in the consolidation process.

Accordingly, the undersigned concludes the claims in Case No. 687 are due to be severed, the worker's compensation claim is due to be remanded to the Montgomery Circuit Court, and Plaintiff's remaining claims in Case No. 687 are due to be dismissed as duplicative of her claims alleged in the amended complaint in Case No. 499.

## IV.    CONCLUSION

Accordingly, the undersigned RECOMMENDS as follows:

1.    Plaintiff's claims be SEVERED.

2.    Plaintiff's worker's compensation claim be REMANDED to the Montgomery Circuit Court.

---

[12] Plaintiff's complaint in Case No. 687 does not "separate[e] into a different count each cause of action or claim for relief," nor does it adequately connect the sparse factual allegations to each federal cause of action or claim for relief. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015). These deficiencies are so severe, and the factual allegations so cursory, that the complaint fails to provide Defendant or the court adequate notice of Plaintiff's federal claims and the grounds upon which each claim rests. Consequently, as to the federal claims, the complaint is a shotgun pleading, and the court cannot allow the federal claims to proceed on a shotgun complaint. *Id*.; *Anderson*, 77 F.3d at 367.

3. Defendant's motion to dismiss (Doc. No. 5) be GRANTED as to Plaintiff's remaining claims.

4. Plaintiff's remaining claims be DISMISSED without prejudice.

5. Defendant's motion to consolidate (Doc. No. 5) be DENIED as moot.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **May 6, 2026**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 22nd day of April, 2026.

_____

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE