IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JASMINE W. JONES,                          )
                                           )
    Plaintiff,                             )
                                           )
v.                                         ) Case No. 2:25-cv-00687-RAH-JTA
                                           )
HYUNDAI MOTOR MFG.                         )
ALABAMA, LLC,                              )
                                           )
    Defendants.                            )

## ORDER

On August 27, 2025, Defendant Hyundai Motor Mfg. Alabama LLC (HMMA) removed this action from the Circuit Court of Montgomery County, Alabama on the basis of federal question jurisdiction. Thereafter, HMMA moved to dismiss the complaint. (*See* doc. 5.)

On April 22, 2026, the Magistrate Judge recommended that HMMA's motion be granted and the workers' compensation claim found in the complaint be severed and remanded. (*See* doc. 27.) Objections were due on or by May 6, 2026. Jones did not file an objection, but HMMA did. In its objection, HMMA objected only to the extent that the Magistrate Judge recommended severance and remand of the workers' compensation claim because, according to HMMA, the complaint never asserted a workers' compensation claim to begin with. HMMA made this objection although, in its brief on a remand issue, HMMA invited this very procedure to the extent the Magistrate Judge interpreted the complaint as containing a workers' compensation claim. (*See* doc. 20 at 2.) According to HMMA, the Court should instead dismiss the complaint in its entirety, including whatever semblance of a worker' compensation claim with it.

When a party objects to a magistrate judge's recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Opie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the magistrate judge's recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a recommendation is reviewed for clear error. *Id.*

The Court has read HMMA's objection as well as the Complaint. While the Complaint is not the picture of clarity, it does contain several indicia of attempting to state a claim under Alabama's Workers' Compensation Act. Among others, the information sheet that Jones completed when she filed her lawsuit is checked as including a workers' compensation claim. Further, the Complaint itself makes clear that Jones is suing her employer for "work related injuries" caused by her "coworkers" and that she was "denied medical treatment." And then, during hearings in this matter with the Magistrate Judge, Jones confirmed that she was making a workers' compensation claim. Although there may be a dispute as to whether Jones has satisfactorily pleaded a workers' compensation claim under Alabama law, that is a dispute to be resolved by the Circuit Court of Montgomery County, Alabama.

Accordingly, upon an independent and de novo review of the record, it is **ORDERED** as follows:

1. The Recommendation (doc. 27) is **ADOPTED**;

2. Defendant Hyundai Motor Mfg Alabama LLC's Objection (doc. 28) is **OVERRULED**;

2

3. The claim in the Complaint brought under the Alabama Workers' Compensation Act is hereby **SEVERED** and **REMANDED** to the Circuit Court of Montgomery County, Alabama;

4. The *Motion to Dismiss* (doc. 5) is **GRANTED** as to all remaining claims, all of which are **DISMISSED** without prejudice;

5. The Clerk of Court is **DIRECTED** to close this case; and,

6. A separate final judgment **SHALL** be issued.

**DONE** on this the 20th day of May 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

3